I believe Dr. Waylonis's deposition testimony concerning causation was admissible because defense counsel's objection was not specifically based upon lack of proper foundation,i.e., medical certainty or probability. The objections, found at pp. 22 and 23 of the doctor's deposition, were based upon the deponent's alleged lack of qualifications and as being nonresponsive, respectively. There was no mention of the lack of certainty. As I stated in my concurring opinion in Ward,supra: "In my opinion, a general objection is not sufficient to prevent waiver of foundational errors. See Evid.R. 103(A)(1), Civ.R. 32(B) and (D) and Fox v. Ind. Comm. (1955), 162 Ohio St. 569, 579." This concurring opinion goes on to discuss the reason for the specificity requirement.
Because Dr. Waylonis's opinion was admissible, there was no error in denying the motion for a directed verdict.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellees.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Stephenson, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents with Attached Dissenting Opinion.
For the Court
 BY: _______________________ Roger L. Kline, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.